# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| JILLIAN OSTREWICH and ANTHONY ORTIZ, | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    Civil Action No. _____ |
| | ) |
| DIANE TRAUTMAN, in her official capacity as Harris County Clerk; DAVID WHITLEY, in his official capacity as Secretary of State of Texas; KIM OGG, in her official capacity as Harris County District Attorney; TONI PIPPINS-POOLE, in her official capacity as Elections Administrator of Dallas County; JOHN CREUZOT, in his official capacity as Dallas County District Attorney; KEN PAXTON, in his official capacity as the Attorney General of Texas, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |
| | ) |

## PLAINTIFFS JILLIAN OSTREWICH AND ANTHONY ORTIZ'S ORIGINAL COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND NOMINAL DAMAGES (42 U.S.C. § 1983)

## INTRODUCTION

1.     In June 2018, the Supreme Court invalidated a Minnesota law that banned voters from wearing apparel in a polling place featuring "issue oriented material designed to influence or impact voting" or "promoting a group with recognizable political views." *Minnesota Voters Alliance v. Mansky*, 138 S. Ct. 1876, 1884 (2018). In so doing, the Court held that the First Amendment requires states to create objective workable standards to guide election officials in determining what speech can come in and what speech must stay out of the polling place.

2.     Texas law similarly restricts apparel in and around polling places and suffers from erratic and arbitrary enforcement. These statutes, Tex. Elec. Code §§ 61.003, 61.010, and 85.036, combine to prevent the wearing of any apparel bearing an image that could be construed as relating

1

to any person or issue that has been, currently is, or could be on a Texas ballot. Despite the Supreme Court's decision in *Minnesota Voters*, the Texas law banning certain apparel at the polling place remains in full effect and was enforced in the November 2018 election.

3.      Plaintiff Jillian Ostrewich, a Houston resident married to a firefighter in the Houston Fire Department, wore a t-shirt bearing a "Houston Fire Fighters" image to her polling place. Election officials prohibited her from casting her vote until she turned her t-shirt inside out. Plaintiff Anthony Ortiz was prevented from voting until he removed his "Make America Great Again" hat, even though it had no relation to any candidate or issue present on the ballot that day. Plaintiffs bring this civil rights lawsuit to vindicate their First Amendment rights and the First Amendment rights of all Americans.

## JURISDICTION AND VENUE

4.      Plaintiffs bring this civil rights lawsuit pursuant to 42 U.S.C. § 1983, for the violation of rights secured by the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment; and for the violation of due process rights secured by the Fourteenth Amendment to the United States Constitution.

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C §§ 1331 (federal question) and 1343 (civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

6.      Venue is proper under 28 U.S.C. § 1391(b), on the ground that all or a substantial part of the acts giving rise to Plaintiffs' claims have occurred or will occur in the Southern District of Texas and on the ground that some of the Defendants reside in the Southern District of Texas.

## PARTIES

*Plaintiffs*

7.      Jillian Ostrewich is a resident of Houston, Texas, and an eligible voter in Harris County, Texas. She is married to a firefighter in the Houston Fire Department. As detailed below, Ms. Ostrewich was temporarily prevented from voting in the November 2018 general election by an election worker who objected to her wearing a "Houston Fire Fighters" t-shirt.

8.      Anthony Ortiz is a resident of Carrollton, Texas, and an eligible voter in Dallas County, Texas. As detailed below, Mr. Ortiz was temporarily prevented from voting in the November 2018 general election by an election worker who objected to his wearing a "Make America Great Again" hat.

*Defendants*

9.      Diane Trautman is sued in her official capacity as Harris County Clerk. Dr. Trautman is the Chief Election Official of Harris County, responsible for carrying out statutory electoral functions outlined by federal and state laws. She is responsible for training all presiding and alternate election judges in Harris County to ensure the proper execution of state and federal election law during county, statewide, and federal elections.

10.      Kim Ogg is sued in her official capacity as Harris County District Attorney, responsible for prosecuting crimes in Harris County. The Harris County District Attorney is authorized by state statute to investigate and prosecute violations of the Texas Election Code in Harris County.

11.      Toni Pippins-Poole is sued in her official capacity as Elections Administrator of Dallas County. Ms. Pippins-Poole is responsible for elections operations throughout Dallas County. She heads the Dallas County Election Department, which has 45 full-time employees and

over 5,000 election workers during major elections. In addition, Ms. Pippins-Poole develops and implements the training curriculum for election workers and election procedures in Dallas County.

12.     John Creuzot is sued in his official capacity as Dallas County District Attorney, which investigates and prosecutes violations of the Texas Election Code in Dallas County. Mr. Creuzot is responsible for prosecuting felonies and misdemeanors in Dallas County.

13.     David Whitley is sued in his official capacity as the Secretary of State of Texas. The Secretary of State is the chief election officer of Texas. Tex. Elec. Code   § 31.003(a). The Secretary administers elections and has broad authority over all aspects of elections in the State of Texas. Under Texas law, "[t]he secretary of state shall obtain and maintain uniformity in the application, operation, and interpretation of this code and of the election laws outside this code." *Id.* § 31.003.

14.     Ken Paxton is sued in his official capacity as the Attorney General of Texas, authorized to investigate and prosecute violations of the Texas Election Code. *See* Tex. Elec. Code § 273.001.

## FACTUAL ALLEGATIONS
## STATUTORY SCHEME

15.     The Texas Election Code prohibits voters from wearing certain types of apparel within 100 feet of any outside door in the building in which a polling place is located. This prohibition is in effect on Election Day and during early voting.

16.     Texas law provides that: "A person commits an offense if, during the voting period and within 100 feet of an outside door through which a voter may enter the building in which a polling place is located, the person: electioneers for or against any candidate, measure, or political party." Tex. Elec. Code § 61.003(a)(2). "Electioneering includes the posting, use, or distribution of political signs or literature." *Id.* § 61.003(b)(1).

4

17.     "[A] person may not wear a badge, insignia, emblem, or other similar communicative device relating to a candidate, measure, or political party appearing on the ballot, or to the conduct of the election, in the polling place or within 100 feet of any outside door through which a voter may enter the building in which the polling place is located." *Id.* § 61.010(a).

18.     The voting period is defined as the period beginning when the polls open for voting and ending when the polls close or the last voter has voted, whichever is later. *Id.* § 61.003(b)(2). The period for early voting by personal appearance begins on the 17th day before election day and continues through the fourth day before election day, except as otherwise provided by the Texas Election Code. If the date for beginning the early voting period is a Saturday, Sunday, or legal state holiday, the early voting period begins on the next regular business day.  *Id.* § 85.001(c).

19.     A violation of Tex. Elec. Code § 61.003, § 61.010, or § 85.036 constitutes a Class C misdemeanor. The Attorney General of Texas, county attorneys, and district attorneys are authorized to prosecute violations of Tex. Elec. Code § 61.003, § 61.010, or § 85.036.

20.     A Class C misdemeanor is a criminal offense that is punishable by a fine of up to $500.

### STATUTORY ENFORCEMENT

21.     The Texas Secretary of State interprets Tex. Elec. Code §§ 61.003, 61.010, and 85.036 and trains election officials who enforce Tex. Elec. Code §§ 61.003, 61.010, and 85.036. A county clerk or county election manager must provide at least one session of training using the standardized training program developed by the Texas Secretary of State for election judges and clerks appointed to serve in elections ordered by the governor or a county authority. Every election judge must complete the training program.

22.     The Texas Secretary of State is authorized to review complaints alleging violations of Tex. Elec. Code §§ 61.003, 61.010, and 85.036. The Texas Secretary of State may refer the complaint to the Texas Attorney General, who may prosecute violations of Tex. Elec. Code §§ 61.003, 61.010, and 85.036.

23.     A presiding election judge and an alternate election judge are appointed for each election precinct in which an election is held. The ultimate decision of whether a voter may vote in certain apparel rests with the election judges at that polling place. An election judge has the power of a district court judge while serving at the polling place, including the power to issue arrest warrants.

24.     The presiding election judge at each polling place may ask a voter suspected of electioneering to leave the polling place. If the voter refuses to do so, the presiding judge may summon a peace officer.

25.     T-shirts and hats may constitute electioneering under Tex. Elec. Code §§ 61.003 and 85.036.

26.     The Texas Secretary of State instructs election workers to enforce Tex. Elec. Code §§ 61.003 and 85.036's prohibition on electioneering against voters wearing t-shirts and hats.

27.     Tex. Elec. Code  §§ 61.003, 61.010, and 85.036 prohibit voters from wearing apparel bearing images, words, or insignia related to any candidate, issue, or political party on the ballot.

28.     Tex. Elec. Code  §§ 61.003, 61.010, and 85.036 prohibit voters from wearing apparel bearing images, words, or insignia that does not explicitly mention any candidate, issue, or political party on the ballot.

29.     Tex. Elec. Code  §§ 61.003 and 85.036 prohibit voters from wearing apparel bearing images, words, or insignia relating to any candidate who appeared on the ballot in a previous election.

30.     Tex. Elec. Code  §§ 61.003 and 85.036 prohibit voters from wearing apparel bearing images, words, or insignia relating to any candidate who many appear on the ballot in a future election.

31.     The type of apparel that constitutes electioneering prohibited by Tex. Elec. Code §§ 61.003 and 85.036 varies depending on the context.

32.     The Texas Secretary of State has published training materials specifying that election judges at polling places throughout Texas are given the powers of a district court judge and can decide what constitutes electioneering.

33.     Tex. Elec. Code § 61.010(b) provides that, with limited exceptions,

> "a person may not wear a badge, insignia, emblem, or other similar communicative device relating to a candidate, measure, or political party appearing on the ballot, or to the conduct of the election, in the polling place or within 100 feet of any outside door through which a voter may enter the building in which the polling place is located."

34.     Expression that violates Tex. Elec. Code §§ 61.010 also constitutes "electioneering" subject to the prohibitions in Tex. Elec. Code §§ 61.003 and 85.036.

35.     Tex. Elec. Code § 61.010 forbids voters from wearing an identification badge (e.g. for their place of employment) within 100 feet of the building in which the polling place is located if the name on the identification badge is the same as the name of a candidate appearing on the ballot.

## FACTS PERTAINING TO MS. OSTREWICH

36.     Jillian Ostrewich voted during early voting in October 2018. She cast her vote at the Metropolitan Multi-Service Center (a recreation center run by the Houston Parks and

Recreation Department) located at 1475 West Gray Street, Houston, Texas 77019. There are public areas within 100 feet of the outside doors of the recreation center.

37.     Ms. Ostrewich went to the polling place with her husband, who is a firefighter in the Houston Fire Department. She wore a yellow t-shirt that stated "Houston Fire Fighters" with an emblem for the AFL-CIO on the front and back. An image of the t-shirt Ms. Ostrewich wore to her polling place is attached as Exhibit A.

38.     An election worker told Ms. Ostrewich that she would not be permitted to vote until she went to the restroom to turn her t-shirt inside out because they were "voting on that."

39.     Proposition B, an initiative measure on the ballot, concerned firefighter pay. The t-shirt made no reference whatsoever to Proposition B.

40.     Ms. Ostrewich went to the restroom and turned her shirt inside out, and the election worker then allowed her to vote.

41.     Besides Ms. Ostrewich, some voters in Harris County were forbidden to vote while wearing t-shirts with the words "Houston Fire Fighters" on them. Other voters in Harris County were allowed to vote while wearing t-shirts with the words "Houston Fire Fighters" on them.

42.     Some voters were forbidden to vote in firefighter uniforms in polling places in Harris County. Other voters were allowed to vote in firefighter uniforms in polling places in Harris County.

43.     Ms. Ostrewich intends to wear the "Houston Fire Fighters" t-shirt as well as similar apparel to the polling place when she votes in future elections.

## FACTS PERTAINING TO MR. ORTIZ

44.     Anthony Ortiz voted during early voting in October 2018 in Dallas County. On or about October 22, 2018, Mr. Ortiz voted in the Carrollton Public Library located at 2900, 1700

Keller Springs Road, Carrollton, Texas 75006. There are public areas within 100 feet of the outside doors of the library.

45.     Mr. Ortiz attempted to vote while wearing a red hat bearing the words "Make America Great Again." The hat contained no other words or emblems. President Donald Trump, who adopted the slogan for his 2016 campaign, was not on the ballot during the 2018 election. No other candidate or initiative campaign used the slogan in the run-up to the 2018 election.

46.     An election worker approached Mr. Ortiz in line in the polling place and instructed Mr. Ortiz to turn his hat inside out. The election worker told Mr. Ortiz that he could not vote while wearing the hat because the hat's slogan constituted "electioneering."

47.     Mr. Ortiz objected to turning his hat inside out because it did not name a party or candidate on the ballot. The election worker asked Mr. Ortiz to step out of line, so that the election worker could speak to him outside the polling place. A second election worker joined the conversation approximately 20–30 feet outside the polling place door. The first election worker instructed the second election worker to go back inside the polling place because he was "escalating the conversation."

48.     The first election worker threatened to call the police if Mr. Ortiz did not remove his hat or turn it inside out. The election worker told Mr. Ortiz that he could not vote unless he removed his hat. Mr. Ortiz left the polling place without voting. Mr. Ortiz returned to the polling place later that day without the hat and the election worker permitted him to cast his vote.

49.     Mr. Ortiz intends to wear the "Make America Great Again" hat as well as similar apparel when he votes in future elections.

## CAUSES OF ACTION

### COUNT 1

### VIOLATION OF THE FIRST AMENDMENT
### TO THE UNITED STATES CONSTITUTION

50. Plaintiffs reallege and incorporate the allegations in the preceding paragraphs.

51. Plaintiffs' interests in wearing shirts and hats that convey messages via images or text are protected by the Free Speech Clause of the First Amendment.

52. Tex. Elec. Code §§ 61.003, 61.010, and 85.036 restrict voters' free speech rights.

53. Tex. Elec. Code  §§ 61.003, 61.010, and 85.036 restrict speech not just in the polling place itself, but also within a 100-foot buffer zone around the outside doors of the building in which the polling place is located. This area can include public areas such as public sidewalks.

54. Tex. Elec. Code §§ 61.003, 61.010, and 85.036 are not narrowly tailored to any compelling governmental interest.

55. Tex. Elec. Code §§ 61.003, 61.010, and 85.036 are not reasonably related to any legitimate governmental interest.

56. Election officials who enforce Tex. Elec. Code §§ 61.003, 61.010, and 85.036 exercise the authority of a district court judge.

57. Texas does not provide election officials who enforce Tex. Elec. Code §§ 61.003, 61.010, and 85.036 with objective workable standards for enforcing those laws.

58. Tex. Elec. Code  §§ 61.003,  61.010, and 85.036 do not provide any sensible basis for distinguishing what may come in a polling place and what must stay out of a polling place.

59. State officials rely on local election officials to make subjective decisions about what is prohibited under those laws.

60. Tex. Elec. Code §§ 61.003, 61.010, and 85.036 do not require election officials in various counties to make consistent decisions about what is prohibited under those laws. Election

officials can and do come to different conclusions about whether a person has violated Tex. Elec. Code §§ 61.003, 61.010, and 85.036.

61.     The enforcement Tex. Elec. Code §§ 61.003, 61.010, and 85.036 has led to altercations between election workers and voters.

62.     Tex. Elec. Code §§ 61.003, 61.010, and 85.036 allow election officials who enforce those laws to discriminate on the basis of viewpoint.

63.     Tex. Elec. Code §§ 61.003, 61.010, and 85.036 are facially overbroad. Tex. Elec. Code §§ 61.003 and 85.036 prohibit individuals from wearing t-shirts featuring the name of candidates, political parties, or issues not on the ballot within 100 feet of a polling place. Tex. Elec. Code § 61.010 prohibits individuals from wearing identification badges if they share a name with a candidate, political party, or issue on the ballot.

64.     Tex. Elec. Code §§ 61.003, 61.010, and 85.036 violate the First Amendment as applied to voters who wear apparel that does not feature the name of a candidate, issue, or political party on the ballot.

65.     By enforcing Tex. Elec. Code §§ 61.003, 61.010, and 85.036, Defendants, acting under color of state law, are depriving Plaintiffs of their rights under the First Amendment.

66.     Plaintiffs are suffering and will continue to suffer substantial and irreparable harm unless Tex. Elec. Code §§ 61.003, 61.010, and 85.036 are declared unlawful and enjoined by this Court.

67.     There exists a present controversy between the parties as to their respective legal rights and duties. Plaintiffs contend that Defendants are violating the First Amendment. Defendants, by enforcing Tex. Elec. Code §§ 61.003, 61.010, and 85.036, dispute that contention. There is thus a present controversy between the parties concerning the constitutionally of statutes

by which Plaintiffs are being directly, adversely, and irreparably harmed because of Defendants' enforcement.

68.     A judicial determination of rights and responsibilities arising from this actual controversy is therefore necessary and appropriate.

## COUNT II

### VIOLATION OF THE FOURTEENTH AMENDMENT
### TO THE UNITED STATES CONSTITUTION

69.     Plaintiffs reallege and incorporate the allegations in the preceding paragraphs.

70.     Tex. Elec. Code §§ 61.003, 61.010, and 85.036 are void for vagueness under the Fourteenth Amendment to the United States Constitution.

71.     Tex. Elec. Code §§ 61.003, 61.010, and 85.036 carry criminal penalties for a Class C misdemeanor.

72.     Voters may be arrested if they refuse to remove apparel that an election worker deems to violate Tex. Elec. Code § 61.003, § 61.010, or § 85.036. An election worker threatened Mr. Ortiz with arrest if Mr. Ortiz did not take off his "Make America Great Again" hat.

73.     Tex. Elec. Code § 61.003 fails to define "electioneering" with the precision required by the Fourteenth Amendment.

74.     Tex. Elec. Code § 61.010 fails to define the type of apparel that is considered "related to" a candidate, issue, or political party on the ballot with the precision required by the Fourteenth Amendment.

75.     Tex. Elec. Code §§ 61.003, 61.010, and 85.036 fail to give voters fair notice of whether they are violating either of those statutes.

76.     Tex. Elec. Code §§ 61.003, 61.010, and 85.036 allow for arbitrary and discriminatory enforcement of those laws.

77.     By enforcing Tex. Elec. Code §§ 61.003, 61.010, and 85.036, Defendants, acting under color of state law, are depriving Plaintiffs of their rights under the Due Process Clause of the Fourteenth Amendment.

78.     Plaintiffs are suffering and will continue to suffer substantial and irreparable harm unless Tex. Elec. Code §§ 61.003, 61.010, and 85.036 are declared unlawful and enjoined by this Court.

79.     There exists a present controversy between the parties as to their respective legal rights and duties. Plaintiffs contend that Defendants are violating the Due Process Clause of the Fourteenth Amendment. Defendants, by enforcing Tex. Elec. Code §§ 61.003, 61.010 , and 85.036, dispute that contention. There is thus a present controversy between the parties concerning the constitutionally of statutes by which Plaintiffs are being directly, adversely, and irreparably harmed because of Defendants' enforcement.

80.     A judicial determination of rights and responsibilities arising from this actual controversy is therefore necessary and appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

1.     An entry of judgment declaring Tex. Elec. Code §§ 61.003, 61.010, and 85.036, facially and as applied to Plaintiffs, unconstitutional under the First Amendment and the Fourteenth Amendment.

2.     An entry of judgment enjoining Defendants, their employees, agents, successors, assigns, and all persons acting in concert with them, from continuing to enforce Tex. Elec. Code §§ 61.003, 61.010, and 85.036, as well as any and all implementing administrative rules and

regulations and practices and policies by which Defendants enforce the provision, against Plaintiffs or any other person.

3.      For nominal damages in the amount of $1.00.

4.      An award of attorneys' fees and costs in this action pursuant to 42 U.S.C. § 1988.

5.      An award of any further legal or equitable relief this Court may deem just and proper.

DATED: February 28, 2019.

Respectfully submitted:

_____ s/ Wencong Fa _____
**WENCONG FA** (*Attorney in Charge*)
Texas Bar No. 24087487
Southern District of Texas No. 3362882
**ETHAN W. BLEVINS** (*of Counsel*)
Utah Bar No. 16784
Southern District of Texas No. 3368908
**ERIN E. WILCOX** (*of Counsel*)
N. Carolina Bar No. 40078
Southern District of Texas No. 3369027
Pacific Legal Foundation
930 G Street
Sacramento, CA 95814
Telephone: (916) 419-7111
Fax: (916) 419-7747
Email: WFa@pacificlegal.org
Email: EBlevins@pacificlegal.org
Email: EWilcox@pacificlegal.org
*Counsel for Plaintiffs Jillian Ostrewich*
*and Anthony Ortiz*

# EXHIBIT A



